UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HARVEY PORTNOY,**

    **Plaintiff,**

v.                                                                    Case No: 5:19-cv-407-Oc-30PRL

**SAFEGUARD PROPERTIES, LLC and**
**GREEN TREE SERVICING,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, filed a complaint against Defendants alleging conversion of his property. (Doc. 1). Now, Defendant Safeguard Properties, LLC moves to dismiss Plaintiff's complaint. (Doc. 6). The Court ordered Plaintiff to respond or show cause why the Court should not consider the motion without a response (Doc. 9), but Plaintiff failed to respond or request any extensions to do so. Thus, the Court will consider Defendant's motion as unopposed. Despite this, based on a review of the allegations in the Complaint I submit that the motion should be denied.

**I.   Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations as true, and accept all reasonable inferences from there. *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

## II.     Discussion

Defendant raises three arguments in support of its motion to dismiss. First, Defendant claims that this Court does not have diversity jurisdiction over the claim because Plaintiff has failed to "meet his burden of demonstrating an amount of controversy greater than $75,000." (Doc. 6). Second, Defendant argues that Plaintiff's complaint fails to meet the general pleading standard of the Federal Rules of Civil Procedure and "fails to address which Defendant removed which items and from where the items were removed." (Doc. 6). Finally, Defendant claims that Plaintiff has failed to state a claim for conversion because Plaintiff does not sufficiently allege that *he* owns the property at issue. (Doc. 6).

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30

F.3d 1365, 1367 (11th Cir.1994)). A federal court will have diversity jurisdiction over a case between citizens of different states and where the jurisdictional amount exceeds $75,000. 28 U.S.C. § 1332. A court must find "to a legal certainty that the claim is really for less than the jurisdictional amount" to justify a dismissal. *Federated Mut. Ins. Co. v. McKinnon Motors,* 329 F.3d 805, 807 (11th Cir. 2003).

Defendant relies on *Champlin v. Corr. Corp.*, No. 5:08cv76-RS-AK, 2008 WL 2686189 (N.D. Fla. June 26, 2008) to support its argument that Plaintiff failed to allege the requisite amount in controversy. In that case, a plaintiff alleged in her complaint that the total value of her lost property was $55,060, and the remaining amount to satisfy the amount in controversy was in sentimental and emotional value. *Champlin*, 2008 WL 2686189, at *5. The court decided that the plaintiff was not entitled to inflate her claimed amount of damages to include sentimental and emotional value to satisfy the amount in controversy. *Id.* at *8.

Here, unlike in *Champlin*, Plaintiff asserts that the "total and intrinsic value" of all the family's personal property is $375,000. (Doc. 1). He then, in the very next part of the form he used, notes that this property consists of new furniture and electronics and other household items. While he does discuss heirlooms and collectables, he does so in the context of all the property taken for which he asserts a value well in excess of $75,000. At this stage of the proceedings, the Plaintiff has alleged the jurisdictional threshold. Further, in light of the allegations in the complaint the Court couldn't find "to a legal certainty" that Plaintiff's claim is for less than the jurisdictional amount. *Federated Mut. Ins. Co,* 329 F.3d at 807. Additionally, an itemized list of every item allegedly removed is not required to satisfy the amount in controversy. Instead, Plaintiff must plead facts that, if true, show that Defendant is liable. *See Twombly*, 550 U.S. at 544. This he has done.

Therefore, Defendant's motion to dismiss based on lack of subject matter jurisdiction should be denied.

As Plaintiff is proceeding *pro se*, he used a complaint form to assist him in drafting a complaint for the conversion of property.[2] Defendant's arguments fail to read Plaintiff's statements in the complaint in conjunction with the questions asked on the form. Defendant contends that Plaintiff's complaint fails to meet the general pleading standard of Rule 8 of the Federal Rules of Civil Procedure because the complaint "fails to address which Defendant removed which items and from where each item was removed." (Doc. 6). Contrary to Defendant's argument, when Plaintiff's statements are read together with the questions in the complaint, it is clear the Plaintiff has alleged that Defendant Safeguard Properties, LLC removed his property.

For example, in answering III(C) of the complaint, "how and when did the defendant(s) obtain possession of the property? Describe with particularity the actions the defendants took to convert the property," Plaintiff responded, "the complete heirloom and most all of the personal property (Chattel) was removed on or after September 20th, 2018. The *Defendant Safeguard* removed items piece by piece-as much as they could take at a time." (Doc. 1). Then, Question III(D) asks, "Describe how and when you notified the defendants that the property belonged to you. Describe how and when you demanded that the defendant(s) deliver or return the property, and what response you received from the defendant(s)." Plaintiff answered, "*Safeguard* was called several times all through September 20th, 2015; about *them* illegally removing the family's personal property without a writ from the courts." (Doc. 1). Plaintiff's complaint adequately alleges that Defendant Safeguard unlawfully removed his property. *See Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015) ("A dismissal under Rule 8(a)(2) . . .

---

[2] The form Plaintiff used can be found at: https://www.uscourts.gov/forms/pro-se-forms/complaint-conversion-property.

is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'") (quoting *Anderson v. District Bd. Of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996)).

Finally, to state a claim for conversion under Florida law a plaintiff must allege "(1) an act of dominion wrongfully asserted; (2) over another's property; (3) inconsistent with his ownership therein." *Joe Hand Promotions, Inc. v. Creative Entertainment LLC*, 975 F. Supp. 2d 1236, 1241 (M.D. Fla. Oct. 15, 2013). An act of wrongful dominion and control over the property must be to the detriment of the rights of the actual owner. *Merkin v. PCA Health Plans of Fla., Inc.*, 855 So. 2d 137, 140 (Fla. Dist. Ct. App. 2003).

Defendant argues that Plaintiff's claim fails because he did not claim actual ownership over the property allegedly removed. (Doc. 6). Defendant attached additional documents to its motion for the Court to assess Plaintiff's ownership. (Docs. 6-1–6-3). However, the documents pertain to the ownership of the house that the items were allegedly removed from, not the ownership of the items removed. (Docs. 6-1–6-3).

Additionally, Defendant claims that Plaintiff repeatedly references that Defendant removed "the family's personal property," "the family's heirloom[s]," "the family's memories," "family collectables," and "household items," but fails ever to allege that *he* was the actual owner of any property allegedly converted. In making this argument, Defendant has again failed to read Plaintiff's statements together with the questions asked in the complaint. Question III(A) specifically says, "describe the property that *you own* that is the subject of this complaint, including its value," and Plaintiff answered, "property consists of the complete household and complete family's heirlooms- was removed consisting of much new furniture and electronics, and other household items- brand new and or in 'mint' condition. Family collectables, pictures, and

memories are all gone!!!" Question III(B) asks, "how and when did *you* come to own the property?" Plaintiff responded, "this personal property was gathered and built up 'accumulated' over many years." Plaintiff's complaint sufficiently alleges ownership over the items he claims Defendant Safeguard removed. Therefore, Defendant's motion to dismiss for failure to state a claim should be denied.

### III. Conclusion

Accordingly, it is respectfully recommended that Defendant's motion to dismiss (Doc. 6) be **DENIED.**

Recommended in Ocala, Florida on January 13, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy